UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JOSEPH ANTHONY LUNEY, ) | |
| ) | |
| Petitioner, ) | Civil No. 6: 13-026-DCR |
| ) | |
| v. ) | |
| ) | |
| DEBORAH A. HICKEY, Warden, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondents. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Joseph Anthony Luney's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. [Record No. 1] According to local practice, the matter was referred to United States Magistrate Judge Candace J. Smith for review and issuance of a Report and Recommendation. 28 U.S.C. §636(b)(1)(B). That report was issued on June 4, 2013. [Record No. 14] Petitioner Luney filed objections to the Report and Recommendation on June 14, 2013. [Record No. 15] Having reviewed the file of this action, the Court concludes that a response to the Petitioner's objections is not needed to resolve the issues raised by Luney. As outlined more fully below, the Court will adopt the Magistrate Judge's recommendation and dismiss Luney's petition as time-barred.

Luney was indicted by a Meade County grand jury of burglary in the first degree in violation of KRS § 511.020 after he stole a number of firearms from a sporting goods store. Thereafter, he pled guilty and was sentenced on August 23, 2001, to ten years imprisonment.

The state court directed that his state sentence run concurrently with a previously-imposed federal sentence.[1]

Luney did not file a direct appeal following imposition of his state sentence. However, he later attempted to collaterally attack the conviction under Rule 11.42 of the Kentucky Rules of Criminal Procedure. That motion was dismissed by the trial court on March 1, 2012. And on November 9, 2012, the Court of Appeals of Kentucky affirmed the lower court's dismissal.

On January 30, 2013, Luney sought relief from this Court under 28 U.S.C. § 2254. The Petitioner claims that his trial attorney provided ineffective assistance by failing to properly advise him during plea negotiations and by not filing a direct appeal as he had instructed. However, in response to the petition, the Respondents have argued that the matter should be dismissed because Luney was not "in custody" at the time his petition was filed.[2] Conversely, Luney asserts that his ten-year state sentence has not yet begun to run because he has been advised that he will be placed in state custody once he has completed service of his federal sentence. Because the parties failed to provide sufficient information to answer this question

---

[1] In the case styled, *United States v. Luney*, Criminal Action No. 5: 99-108-KSF, the defendant was sentenced on May 12, 2000, to a total term of incarceration of 153 months, followed by a five-year term of supervised release. Thereafter, on February 8, 2001, Luney was sentenced in the Southern District of Indiana to a term of incarceration of 41 months to run concurrently with the earlier federal sentence. Additionally, the district court directed that Luney's additional term of incarceration of 300 months for using a firearm during a crime of violence run consecutive to the sentence imposed by this Court. Thus, at the time Luney was sentenced by the Meade Circuit Court, he was facing 453 months of incarceration for his federal convictions.

[2] As noted in the Report and Recommendation, although a petitioner need not be in actual physical custody to proceed under 28 U.S.C. § 2254, there must be a firm connection between the challenged state conviction and the petitioner, such as a pending state detainer. *See Maleng v. Cook*, 490 U.S. 488, 490-93 (1989). [Record No. 14, p. 4]

with certainty, the Magistrate Judge presumed that the "in custody" requirement has been met. She concluded, however, that dismissal was otherwise appropriate.

Here, dismissal is appropriate because the Petitioner cannot meet the one-year filing limitations requirement of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d). This period begins to run from the latest of four enumerated circumstances which includes "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking review." 28 U.S.C. § 2244(d)(1)(A). In the present case, Luney was sentenced by the Meade Circuit Court on August 23, 2001. Because he did not file a direct appeal, the judgment because final thirty days later under Rule 12.04(3) of the Kentucky Rules of Criminal Procedure. Thus, the one-year period to challenge the state court judgment commenced on September 23, 2001, and expired on September 22, 2002. And while Luney filed an action for collateral relief in state court, that motion was not timely filed (*i.e.*, within three years under Rule 11.42(10) of the Kentucky Rules of Criminal Procedure). Therefore, because the motion was not properly filed under 28 U.S.C. § 2244(d)(2), it does not toll the one-year period under the AEDPA. As noted in the Magistrate Judge's Report and Recommendation, "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." [Record No. 14, *citing Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).]

The Magistrate Judge also discussed and properly concluded that equitable tolling would not revive Luney's claims of ineffective assistance of counsel regarding his state court proceedings. In short, Luney has neither claimed nor demonstrated that some extraordinary

circumstance stood in his way and prevented a timely filing, or that he has been pursuing his rights diligently. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010).[3]

In his objections to the Report and Recommendation, Luney argues that tolling is appropriate because he has been in continuous federal custody since his arrest in 1999. However, that fact would not have prevented Luney from seeking timely relief under 28 U.S.C. § 2254. Simply put, Lundy's federal confinement did not prevent an earlier filing (as demonstrated by his current filing while in federal custody). Likewise, Luney has not offered any reason to apply equitable tolling to his case. The fact that he is not an attorney does not change the outcome. *Rose v. Dole*, 945 F.2d 1331 (6th Cir. 1991) (ignorance of the law alone is not sufficient to warrant equitable tolling). Likewise, the Petitioner has not asserted or demonstrated that he suffers from any mental deficiencies. And when the Court considers other factors such as constructive knowledge of the filing requirements, reasonable ignorance, lack of diligence in pursuing his rights, and prejudice, it concludes that the one-year statute should not be tolled during the period September 22, 2002, through the date this action was tendered for filing (January 16, 2013).

Finally, the undersigned agrees with the Magistrate Judge's conclusion that a Certificate of Appealability should not be issues with respect to any issue raised in Luney's habeas petition. Reasonable jurists would not debate the denial of the § 2254 petition or conclude that the issues

---

3   Because the parties failed to address these issues in their earlier pleadings, the Magistrate Judge expressly stated in footnote 6 of her Report and Recommendation that she was providing notice that the District Court may dismiss Luney's motion as being time-barred. Further, the Magistrate Judge directed Luney to address the time-bar limitations in his objections to the Report and Recommendation and reminded him that he has the burden of proof on this issue. [*See* Record No. 14, p. 7, citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d.745, 749-50 (6th Cir. 2001).]

presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Candace J. Smith [Record No. 14] is **ADOPTED** and **INCORPORATED** herein by reference.

2. Petitioner Joseph Anthony Luney's *Pro Se* Objections to the Report and Recommendation are **OVERRULED**.

3. The Petition filed on February 1, 2013 [Record No. 1] is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A Judgment shall be entered this date in favor of the Respondents, Deborah A. Hickey, Warden of the Federal Medical Center in Lexington, Kentucky, and Jack Conway, Attorney General for the Commonwealth of Kentucky.

5. For the reasons outlined above, the Court concludes that a Certificate of Appealability should not issue with respect to any matter raised by the Petitioner.

This 21st day of June, 2013.



**Signed By:**
*Danny C. Reeves* DCR
**United States District Judge**